UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM EDWARD ROGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:24-cv-00387-DAD-SCR (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned pursuant to E.D. Cal. Local Rule 302(c)(21). Pending before the undersigned are Plaintiff's motions to proceed in forma pauperis (ECF No. 2) and for a temporary restraining order (ECF No. 3). Based on the analysis below, the undersigned recommends that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied without prejudice, and Plaintiff's motion for temporary restraining order (ECF No. 3) be denied.

**I.  Motion to Proceed In Forma Pauperis**

A pro se plaintiff may commence an action without paying the filing fees where the plaintiff "submits an affidavit that includes a statement of all assets such [person[1]] possesses that

---

[1] "Person" has been substituted for "prisoner" because it appears "that the use of the word 'prisoner' was an oversight" and "that the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed [in forma pauperis]." *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. (continued….)

1

the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). No statute, regulation, or case law sets forth a formula to determine what level of poverty is sufficient to proceed in forma pauperis ("IFP"). *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Instead, an affidavit in support of a IFP application is sufficient where it alleges "with some particularity, definiteness and certainty" that the plaintiff cannot pay the court costs and still afford basic necessities. *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam)).

Here, Plaintiff's affidavit states that he receives $1,395.00 monthly in Social Security Disability payments, has $1,395.00 in cash or in a checking or savings account, and has no dependents, debts, financial obligations, or regular monthly expenses. (ECF No. 2). Given Plaintiff's monthly income and declared amount in cash or in a checking or savings account, and his failure to identify any expenses, it appears Plaintiff can pay the $405.00 filing fee in this case. *See Betancourt v. Total Property Management*, Case No. 1:22-cv-00033-JLT-EPG, 2022 WL 362535 at *1 (E.D. Cal. Jan. 12, 2022) (denying IFP where pro se litigant reported no income, had $2000 in cash or checking or savings accounts, and no expenses). Nevertheless, if Plaintiff believes that he has additional financial obligations that were not stated in his affidavit and that the Court should consider, he may submit an amended application listing such obligations.

II. **Motion for Temporary Restraining Order**

Plaintiff filed a motion for a temporary restraining order requesting that the Court restrain Defendants from "continuing to engage in and enforce the unconstitutional illegal policies, practices, conduct and acts described [in the motion]." (ECF No. 3 at 25.)

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The

---

1997) (citing *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997)); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." (citations omitted)); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (same).

1  standard for issuing a temporary restraining order is essentially the same as that for issuing a
2  preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7
3  (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary
4  injunctions is "substantially identical"). "A plaintiff seeking a preliminary injunction must
5  establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable
6  harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4]
7  that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20
8  (2008) (citations omitted).

   The Court will construe the motion liberally because Plaintiff is representing himself. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."). Even with a liberal construction of an unclear and redundant complaint and motion, the present motion for temporary restraining order appears to be substantially the same as or similar to a motion for preliminary injunction that the Court denied in another of Plaintiff's cases pending before another judge of this Court. *Rogers v. Sacramento*, No. 2:24-cv-00237-DJC-CKD, 2024 WL 266504 *1 (E.D. Cal. Jan. 24, 2024) ("*Rogers I*").

   Ten out of the eleven named Defendants in this case are also named in *Rogers I*. (Compare ECF No. 1 in 2:24-cv-00387-DAD-SCR with ECF No. 1 in 2:24-cv-00237-DJC-CKD.) The only Defendant named in the present case that is not also named in *Rogers I* is Defendant Keaton Riley, Chief of Staff to Patrick Kennedy. (*Id.*) Other than naming Defendant Keaton, neither the complaint nor the motion alleged any facts regarding Defendant Keaton's involvement in the alleged unlawful activity. (ECF Nos. 1, 3.) Additionally, from what the Court can reasonably discern in the present case, Plaintiff only articulates one additional cause of action—under 42 U.S.C. § 1985(3)—relative to the other case.[2]

---

[2] Although the cover page to the complaint in the present case lists seven causes of action, the Court believes six were accidentally left in when the Plaintiff recycled and updated his complaint from his other pending case. *Compare* ECF No. 1 for 2:24-cv-00237-DJC-CKD (Plaintiff listed seven causes of action on the cover page and proceeded to address each one by one in the body of the complaint) *with* ECF No. 1 for 2:24-cv-00387-DAD-SCR (Plaintiff listed seven causes of (continued….)

3

As in *Rogers I*, Plaintiff makes vague and conclusory allegations regarding alleged unlawful acts. (ECF No. 3 at 24; *see Rogers I*, 2024 WL 266504, *1.) Again, Plaintiff alleges that Defendants "used trickery, deceit, illegal and deceptive acts in violation of Plaintiff's constitutional and statutory rights", "conspired to influence currently ongoing proceedings in the 9th Circuit Court of Appeals involving case #23-15768", and "violated the Notice of Stay on file with this Court involving Bankruptcy case 23-24331". (ECF No. 3 at 24; *see Rogers I*, 2024 WL 266504, *1.) Because the present motion for temporary restraining order suffers from the same flaws as the motion for preliminary injunction denied in *Rogers I*, the undersigned recommends the same outcome. The Court should deny the motion for temporary restraining order because Plaintiff has failed to establish any likelihood of success on the merits, and to the extent he alleges Defendants violated a bankruptcy stay, the Court lacks jurisdiction. *See Rogers I*, 2024 WL 266504, *1. Moreover, the undersigned recommends denial because the lockouts Plaintiff complains of have already taken place, and there is no alleged future action on the part of the Defendants for this Court to restrain.

### III. CONCLUSION

Accordingly, **IT IS RECOMMENDED** that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be DENIED WITHOUT PREJUDICE.

2. Plaintiff be directed to file a new IFP application listing his current income and expenses for this Court's consideration, or alternatively pay the $405.00 filing fee in full if he wants to proceed with this action.

3. Plaintiff's motion for temporary restraining order (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. *Id.*; *see also* Local Rule 304(b). Such a

---

action on the cover page, but in the body of the complaint only addressed the cause of action under 42 U.S.C. § 1985(3)).

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE